IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHN TUCKER MARTIN,

    Plaintiff,

v.                                                   Civil Action No. **3:14CV585**

**CLIFTON SHEETS,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

John Tucker Martin, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Martin names as Defendants: Clifton Sheets, a doctor at the Pamunkey Regional Jail ("PRJ"); M.A. Claveau, a captain at PRJ; James C. Willett, the Superintendent of PRJ; and John Doe, an intake officer at PRJ. The matter is before the Court on the Motion to Dismiss[2] filed by Defendants Sheets, Claveau, and Willett and the Court's authority to review complaints under 28 U.S.C. § 1915(e)(2).[3] For the reasons that follow, the Court will GRANT the Motion to Dismiss (ECF No. 28) and will DISMISS the action for failure to state a claim upon which relief can be granted.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Martin has not responded to the Motion to Dismiss.

[3] This statute permits the Court to *sua sponte* dismiss actions filed by individuals who are proceeding *in forma pauperis* for failure to state a claim.

I.     **STANDARD FOR MOTION TO DISMISS**

When an individual is proceeding *in forma* pauperis, this Court must dismiss the action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41,

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS AND CLAIMS

Martin alleges:[4]

> Plaintiff Martin, during the month of July 2012, was camping at a privately owned business in the Hanover Airpark awaiting surgical procedures at the Medical College of Virginia (MCV) to begin that month.
> . . . .
> Due to constriction of the esophagus, Martin, for the past year, has been on a very soft and/or pureed diet along with liquid diet supplement (Ensure).
> . . . .

---

[4] The Court omits the paragraph numbers and corrects the capitalization, punctuation, and spelling in the quotations from Martin's Complaint.

July 10, 2012, evening, the Plaintiff was arrested for unlawful operation of a motor vehicle with revoked Virginia driving privileges, and, upon refusing a field breathalyzer on medical grounds, was also charged with D.U.I.

. . . .

Martin was processed through the PRJ Intake. Upon arrival, Unknown Jail Staff Person cautions Martin that the Unknown Jail Intake Staff Person working that night was impatient and testy. . . .

Martin makes his immediate medical condition, dietary restrictions, and general health concerns known to the Unknown Jail Intake Staff Person as well as pending surgical appointments at MCV. She was, indeed, impertinent with regard to Martin's dilemma.

. . . .

Even though Martin has explained his severe constriction of esophagus and difficulty swallowing solid food, no exceptional dietary provisions are made.

Days later, Martin is taken to PRJ Medical Dept. and is seen by PRJ physician Clifton Sheets, M.D. Once again, Martin explains his dire medical predicament; scheduled MCV surgeries for hiatal hernia and eye, GI bleeding, inguinal hernia, and hepatitis-C. Martin stresses his dietary restrictions due to esophageal constriction.

. . . .

In no uncertain terms, Defendant Dr. Clifton Sheets makes it quite clear that as long as Martin is incarcerated at PRJ, even as a pre-trial detainee, he would be denied his MCV procedures.

It is to be noted: While PRJ has a grievance procedure in place, the Inmate Grievance Forms are available only at a specific time in the evening each day, and only upon request by the inmate to the appropriate Security Staff person. The inmate must explain why he is requesting the Inmate Grievance Form. If the Security Staff person decides that the inmate's reason for such a request is insufficient, he is denied and must wait for the next day (and another Security Staff person, hopefully), to try again.

Once a week, or so, Security Commander Captain M.A. Claveau would make a routine inspection of the inmate housing areas of PRJ. Plaintiff Martin did take more than one of these opportunities to express and inform this responsible authority of his situations both medical and dietary.

Defendant Captain Claveau did instruct his accompanying Unknown Security Staff Assistant to make notation of Martin's complaints, but he demurred to the PRJ Medical Dept.'s physician's proclivity with regard to matters ala medical.

Martin, on a tip, contacts the Jail Chaplain, and, eventually, his lunch and dinner trays are switched from daily bologna sandwiches and similar fair to beans and rice. While not entirely appropriate, Martin "makes do" by swapping food portions with other inmates. No supplement is ever provided.

4

(Compl. 5–8.) On October 31, 2012, Martin was convicted and released from the PRJ. (*Id.* at 8.) Thereafter, Martin rescheduled his "8 missed appointments for procedures and surgeries." (*Id.*) Martin seeks unspecified monetary damages. (*Id.* at 12.)

Martin raises the following grounds for relief:

| | |
|---|---|
| Claim One | Captain Claveau denied Martin due process[5] by administering a "flawed Inmate Grievance Procedure." (Compl. 9–10.) |
| Claim Two | Captain Claveau and Dr. Sheets denied Martin adequate medical care, in violation of the Eighth Amendment,[6] during Martin's incarceration at PRJ. |
| Claim Three | Defendant John Doe subjected Martin to cruel and unusual punishment by failing to record Martin's dietary restrictions and impending medical appointments. |

### III. ANALYSIS

#### A. Defendant Willett

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Martin fails to mention Defendant Willett in the body of his Complaint, much less explain how Defendant Willett was personally involved in the events for which Martin seeks relief. "Where a

---

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As explained below, *infra* Part III.C, because Martin was a pretrial detainee, Martin's claims of inadequate medical care are governed by the Due Process Clause of the Fourteenth Amendment.

complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Martin has failed to state a claim against Defendant Willett. Accordingly, Superintendent Willett will be DISMISSED as party to this action.[7]

### B. Allegedly Inadequate Grievance Procedure

Martin takes issue with the fact that officers determine whether a grievance request is sufficient before providing grievance forms to inmates at PRJ. (Compl. 9–10.) However, Martin has no constitutional right to grievance procedures. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1975). Moreover, a prison official's failure to comply with grievance procedures is not actionable under § 1983. *See, e.g., Chandler v. Cordova*, No. 1:09CV483 (LMB/TCB), 2009 WL 1491421, at *3 n.3 (E.D. Va. May 26, 2009); *Banks v. Nagle*, 3:07CV419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009). Therefore, Claim One will be DISMISSED as legally frivolous.

### C. Allegedly Inadequate Medical Care

Constitutional claims pertaining to the denial of adequate medical care by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment, while the same claims by convicted felons fall under the Eighth Amendment prohibition against cruel and unusual punishment. Nevertheless, the standard for stating a constitutional violation for denial of adequate medical care for pretrial detainees and convicted felons remains the same. *See Hill v. Nicodemus*, 979 F.2d 987, 991–92 (4th Cir. 1992). With respect to the denial of adequate

---

[7] In fact, on September 16, 2014, the Court received a letter from Martin indicating that he wished for Defendant Willett to be removed as a Defendant in this matter. (ECF No. 3, at 1.)

medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)). In the context of delayed medical care, the objective-prong analysis does not end there. In addition to demonstrating that a medical need that was objectively serious, a plaintiff must also establish that the delay in the provision of medical care "'resulted in substantial harm.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir . 2001)); *see Shue v. Laramie Cty. Detention Ctr.*, 594 F. App'x 941, 946 (10th Cir. 2014) (citation omitted) (employing substantial harm requirement for claims of delay in medical care to pretrial detainees).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145

7

F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

### 1. Dr. Sheets

Martin alleges that Dr. Sheets violated his rights by refusing him "rightful access to crucial medical care prescribed him by his primary outside medical physicians at MCV, particularly, scheduled gastric surgery." (Compl. 11.) Martin states that Dr. Sheets is liable for "medical procedural delays and resultant complications that are the nexus of causations that beleaguer and diminish the Plaintiff's quality of life to this day and unforeseeable future." (*Id.*) Martin further contends that Dr. Sheets is liable for failing to acknowledge Martin's difficulty in swallowing solid foods.

First, Martin fails to sufficiently allege that he sustained any injury, much less substantial harm from any inaction of Dr. Sheets. *See Shue*, 594 F. App'x at 946 (citations omitted). Moreover, Martin fails to allege facts that indicate that Dr. Sheets knew of and disregarded an excessive risk to Martin's health. *See Farmer*, 511 U.S. at 837. Martin has not alleged facts that suggest he was in critical condition upon his arrival at PRJ or that his condition substantially deteriorated while he was at the PRJ. Martin's displeasure with Dr. Sheets medical judgment that Martin's appointments could simply be rescheduled after Martin's brief stay in the PRJ fails to support a claim of deliberate indifference. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6). Martin's limited factual allegations against Dr. Sheets fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). Martin fails to allege sufficiently that Defendant Sheets actually perceived that Martin faced a substantial risk of harm from the medical care or lack of medical care he received. Accordingly, Claim Two against Dr. Sheets will be DISMISSED.

### 2. Captain Claveau

Martin alleges that although he informed Captain Claveau of his medical conditions and dietary restrictions, Captain Claveau merely deferred to the medical department. (Compl. 7.) First, Martin fails to allege facts suggesting that he sustained any constitutionally significant injury as a result of any lack of action by Captain Claveau. Moreover,

> [i]f a prisoner is under the care of medical experts . . . , a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Iko*, 535 F.3d at 242 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Martin has failed to allege facts that indicate that Captain Claveau knew he exposed Martin to an excessive risk by relying on the opinions of the medical department at PRJ. *See Farmer*, 511 U.S. at 837. Accordingly, Claim Two against Captain Claveau will be DISMISSED WITH PREJUDICE.

### 3. Defendant John Doe

Martin has named Defendant John Doe in his capacity as the officer in charge of intake proceedings when Martin arrived at PRJ on July 10, 2012. Plaintiff asserts that Defendant John Doe violated his rights by not recording all of Martin's medical conditions upon intake.[8] Nevertheless, as noted above Martin has failed to allege that he sustained any constitutionally

---

[8] Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2015). Because Martin filed this action on August 6, 2014, more than two-years after John Doe ignored Martin's medical complaints, the statute of limitations also bars relief on this claim.

significant injury as a result of this omission by Defendant John Doe. Accordingly, Claim Three will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 28) will be GRANTED. Martin's claims will be DISMISSED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11-18-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

11